CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 12, 2018

LETTER TO COUNSEL

    RE:    *Lisa Ann Taylor v. Commissioner, Social Security Administration*;
            Civil No. SAG-17-874

Dear Counsel:

On March 30, 2017, Plaintiff Lisa Ann Taylor petitioned this Court to review the Social Security Administration's final decision to deny her claim for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment.[1] [ECF Nos. 14, 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Taylor filed a claim for Disability Insurance Benefits ("DIB") on March 18, 2013, alleging a disability onset date of March 1, 2013. (Tr. 261-62). Her claim was denied initially and on reconsideration. (Tr. 164-80, 181-200, 201-04, 208-09). A hearing was held on August 26, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 133-63). Following that hearing, on December 18, 2015, the ALJ determined that Ms. Taylor was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 95-132). The Appeals Council ("AC") denied Ms. Taylor's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Taylor suffered from the severe impairments of "degenerative disc disease of the lumbar spine, depression, breast cancer status-post bilateral mastectomies and reconstructive surgery, cervicalgia, and obesity." (Tr. 100). Despite these impairments, the ALJ determined that Ms. Taylor retained the residual functional capacity ("RFC") to:

---

[1] This Court notes that Ms. Taylor attempted to incorporate, by reference, the arguments made by Ms. Taylor's prior representative in the brief submitted to the Appeals Council ("AC"). Pl. Mot. 9 n.1. However, Ms. Taylor's attempted incorporation of her prior representative's brief could be construed as an attempt to circumvent the 35-page limitation on memoranda in support of a motion, as set forth by the Maryland Local Rules. *See* Loc R. 105.3 (D. Md. 2016). Thus, this Court does not address Ms. Taylor's arguments made via her prior representative's brief, to the extent that they were not briefed in the present motion. *See Mulholland v. Comm'r, Soc. Sec.*, WDQ-13-1300, 2014 WL 2707604, at *4 n.1 (D. Md. June 13, 2014) (citation omitted).

> perform light work as defined in 20 CFR 404.1567(b) except she is able to complete only simple tasks/work procedures. She is able to make work decisions but is not able to carry out detailed instructions. She can have occasional interaction with the public in positions where there would be little to no change in the work setting.

(Tr. 109). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Taylor could perform several jobs existing in significant numbers in the national economy. (Tr. 121-22). Accordingly, the ALJ determined that Ms. Taylor was not disabled. (Tr. 122).

Ms. Taylor raises several issues on appeal, including that the ALJ: (1) improperly concluded that her hydrocephalus and "peripheral polyneuropathy affecting many joints and other parts of her body, particularly her hands, and associated lymphedema" were non-severe; (2) erroneously performed the Listing analysis, with respect to Listings 1.02, 1.04, 12.02, and 12.04; (3) failed to support her RFC assessment with substantial evidence; (4) failed to properly evaluate her credibility in accordance with *Lewis v. Berryhill,* 858 F.3d 858 (4th Cir. 2017); (5) failed to adequately perform a function-by-function analysis with respect to her neuromuscular and mental health symptoms, as required by *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (6) erred in his assignments of weight to the various medical opinions; and (7) erred in his evaluation of the VE's testimony. Pl. Mot. 7-30. I agree that the ALJ's decision does not comport with *Mascio*. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Taylor is not entitled to benefits is correct.

Beginning with her most successful argument, Ms. Taylor argues that the ALJ failed to account for her moderate difficulties in concentration, persistence, or pace in the RFC assessment, as required by the Fourth Circuit's holding in *Mascio*. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00-12.15 (2015). The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. *Id*. § 12.00(C). The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with

[the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that, absent such an explanation, remand was necessary. *Id*.

Here, the ALJ found that Ms. Taylor had "moderate difficulties" in concentration, persistence, or pace. (Tr. 107). In reaching his conclusion, the ALJ cited to Ms. Taylor's examination notes, in which "she was repeatedly noted to be focused, attentive, alert, and fully oriented . . . . [and] did not display significant difficulties with speed or attention." *Id*. (citations omitted). The ALJ also noted that "[f]ormal psychological testing showed low average range memory abilities." (Tr. 108); *see* (Tr. 1068). In addition to the medical records, the ALJ discussed Ms. Taylor's daily living abilities, noting that Ms. Taylor was able to "focus on crocheting for extended periods of time[;] . . . drive[;] . . . sen[d] her grandson off to school; help[] him with his homework; and . . . pay bills, count change, handle a savings account, and use a checkbook/money orders." (Tr. 107-08) (citations omitted).

According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4).

The analysis provided by the ALJ in Ms. Taylor's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Ms. Taylor to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict her RFC to "simple tasks/work procedures." (Tr. 109). In fact, the ALJ's express discussion of concentration, persistence, and pace provides no indication of the basis for finding a moderate limitation. (Tr. 114). The ALJ's analysis entirely fails to address Ms. Taylor's pace or ability to sustain work over an eight-hour workday. Most notably, the ALJ assigned "partial" weight to Dr. Mayer Gorbaty's medical opinions without acknowledging his conclusion that Ms. Taylor "would be off task due to her limitations more than 30 percent of the time in a competitive work environment and was likely to be absent from work and unable to complete an 8-hour workday as a result of her impairments and need for ongoing and periodic treatment on average at least 5 days per month." (Tr. 104). Similarly, the ALJ assigned "little" weight to Dr. Sarah McQuide's medical opinion after concluding that they were "inconsistent with the record as a whole," (Tr. 118), but failed to discuss how those inconsistencies undermined her opinion that Ms. Taylor's ability to "understand and remember even very short and simple instructions was precluded for at least 15% of an 8-hour workday" and that "she was likely be absent from work and unable to complete an 8-hour workday," (Tr. 103). In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace, and,

if the ALJ finds moderate limitation again, should explain his finding to permit an adequate evaluation under the dictates of *Mascio*.

Ms. Taylor's remaining arguments relate to the ALJ's Listing analysis and adverse credibility determination, as well as the ALJ's evaluation of her hydrocephalus and peripheral polyneuropathy, medical opinion evidence, and the VE's testimony. Since I am recommending remand on other grounds, the ALJ will have the ability to provide further analysis, if desired, on remand.

For the reasons set forth herein, Ms. Taylor's Motion for Summary Judgment, [ECF No. 14], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 17], is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge